UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JINGQI X (A206-038-153),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-03871-TLN-SCR

ORDER AND

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee who filed a motion to enforce this Court's June 25, 2026 judgment. The motion was referred to the undersigned on August 6, 2026.

Immigration and Customs Enforcement ("ICE") re-detained Petitioner on August 3, 2026 when he reported to an ICE Field Office as required as a condition of his release. ECF No. 14. Prior to this pre-scheduled appointment, Petitioner avers under penalty of perjury that he did not receive any prior notice of ICE's intention to revoke his release based on any changed circumstances or the foreseeability of his removal to China. ECF No. 14 at 9. Nor did Petitioner receive a notice of the reasons for the revocation of his release after he was detained. Id.

Based on this evidence in support of Petitioner's motion, the undersigned finds that Respondent failed to comply with 8 C.F.R. §§ 241.4(l) and 241.13(i)(2) in revoking his release. See Phan v. Beccerra, No. 2:25-cv-1757 DC JDP, 2025 WL 1993735, at *4 (E.D. Cal. July 16, 2025) (finding petitioner was likely to succeed where respondents failed to provide an informal

interview upon revocation of supervised release and collecting cases). Accordingly, Petitioner's current detention is unlawful and he is entitled to release.

Additionally, the undersigned finds that the Findings and Recommendations issued on June 12, 2026 contained a scrivener's error by failing to include the standard clause prohibiting Respondent from redetaining Petitioner without prior notice and compliance with 8 C.F.R. §§ 241.4(l) and 241.13(i) concerning the revocation of release. Based on this error, the undersigned recommends amending the judgment to include this provision.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court substitute the Warden of the Golden State Annex Detention Facility as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and to update the docket accordingly.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motion to enforce judgment (ECF No. 14), be granted.

2. Respondent be ordered to immediately release Petitioner from custody on the same conditions he was subject to prior to his re-detention on August 3, 2026.

3. At the time of release, Respondent shall return all of Petitioner's documents and possessions to him.

4. Within three (3) days of any order requiring Petitioner's release, Respondent shall file a notice of compliance with the Court.

5. The June 25, 2026 Judgment be amended to prohibit Respondent from redetaining Petitioner unless and until the agency provides prior notice to Petitioner and complies with 8 C.F.R. §§ 241.4(l), 241.13(i).

4. The Clerk is directed to serve a copy of any order of release on the **Golden State Annex Detention Facility.**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties

have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE